UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

       Plaintiff,

    v.

UNITED STATES OF AMERICA *et al.*,

       Defendants.

Case No. C07-5679FDB/JKA

REPORT AND RECOMMENDATION
TO DENY *IN FORMA PAUPERIS*
STATUS, DISMISS ACTION
AND DECLARE PLAINTIFF A
VEXATIOUS LITIGANT

**NOTED FOR:**
**March 21, 2008**

       This Federal Tort Claims Act case/42 U.S.C. § 1983/Bivens action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Plaintiff has filed a proposed complaint and applied for *in forma pauperis* status (Dkt. # 1). The court recommends that the application for *in forma pauperis* status be denied pursuant to 28 U.S.C. 1915 (e)(2) (i, ii, and iii). The court further recommends that plaintiff be declared a vexatious litigant and be precluded from filing any action *in forma pauperis* unless plaintiff can show he is in imminent

REPORT AND RECOMMENDATION- 1

1   danger of serious bodily injury or death.

2   REPORT

3       Plaintiff alleges the Social Security Administration has illegal withheld social security

4   payments from him and improperly charged him with an overpayment.  He alleges he is actually a

5   United States Citizen and not an illegal alien and that some of the checks sent to him were allegedly

6   taken by another person.  The alleged withholdings and overpayments cover a time span from 1992

7   to the present.

8       When a complaint is frivolous or malicious, fails to state a claim upon which relief can be

9   granted or, seeks monetary relief against a defendant who is immune or contains a complete defense

10   to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of

11   process under 28 U.S.C. § 1915(e) (2)(B)(i, ii, and iii).  Noll v. Carlson, 809 F.2d 1446, 575 (9th

12   Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

13   1.    <u>Plaintiff's allegation that he is a United States Citizen has been litigated in other forums.</u>

14       The first reason for denial of *in forma pauperis* status is that plaintiff's citizenship claim has

15   been adjudicated in other forums.  Plaintiff is incarcerated at the Northwest Detention Center and is

16   going through the process of deportation.  Plaintiff has been found to be a deportable alien.  Plaintiff

17   has filed a number of Habeas Corpus petitions over the years under the names Rudder, Hopper, and

18   Marks.  The United States District Court for the Western District of Washington has held:

19       Petitioner has used or has been known by over fifty aliases, including Vincent
20   Daniel Hopper, Wayne Ricky Elison Rudder, and Antolin Andrew Marks. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L508-509.-Pt. 1; L567-Pt. 1; L571-Pt.
21   1). **Petitioner's fingerprints match the fingerprints of alien Wayne Ricky Elison Rudder, who is a native a citizen of Trinidad and who was admitted to the United States on or about March 7, 1974, as an immigrant.** (*Hopper v. Roach*,
22   Case No. C05-1812-RSL, Dkt. #37 at L383-84.-Pt. 1; R1034-35.-Pt. 1; R1021-Pt. 1).

23       On or about September 24, 1991, the former Immigration and Naturalization
24   Service ("INS") issued an Order to Show Cause ("OSC"), placing petitioner in deportation proceedings and charging petitioner with being deportable from the United States for having been twice convicted of Possession of a Controlled
25   Substance. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L555-69-Pt. 1; R301-302.-Pt. 1). **Petitioner appeared for his deportation hearing before an**
26   **Immigration Judge ("IJ") and admitted the allegations contained in the OSC and conceded deportability as charged**. Instead of deportation, petitioner filed an
27   application for waiver of inadmissibility under INA § 212(c) and an application for

28   REPORT AND RECOMMENDATION- 2

asylum and withholding of deportation. On July 26, 1993, the IJ denied petitioner's applications, and ordered petitioner deported from the United States to Trinidad on the charges contained in the OSC. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R999-1021-Pt. 1). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which was denied on November 4, 1993. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1022-31-Pt. 1). On November 18, 1993, petitioner filed a direct appeal of the BIA's decision in the Ninth Circuit Court of Appeals, which was dismissed for lack of jurisdiction. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. # 37 at R753-54-Pt. 1). Petitioner also filed a Petition for Emergency Stay of Deportation in the United States Court of Appeals for the District of Columbia Circuit, which was dismissed on December 6, 1993, for improper venue. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R755-57-Pt. 1). On December 8, 1993, petitioner filed a Motion for Emergency Stay of Deportation with the United States Supreme Court, which was denied the same day. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt.#37 at R842-872-Pt. 1; L278-Pt. 1). On December 9,1993, petitioner was removed from the United States to Trinidad. (*Hopper v. Roach*, Case No. C05-1812-RSL Dkt.#37 at L269-70-Pt. 1; L274-Pt. 1).

On January 14, 1994, only one month after he had been removed, petitioner illegally reentered the United States without inspection. He remained in the United States illegally for more than eleven years before he was discovered at the California State Prison – Solano, where he was serving his sentence for a conviction for Grand Theft. On August 18, 2005, petitioner was released from the California State Prison and transferred to ICE custody. Petitioner claimed that he was Daniel Vincent Hopper, born in Los Angeles, California, and that he had been deported to Trinidad in 1993 illegally. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R996-98- Pt. 1). A fingerprint comparison performed by the Department of Homeland Security Forensic Laboratory showed that petitioner's fingerprints matched the fingerprints of an alien who went by the alias Ricky Elison Rudder who had been deported to Trinidad on December 9, 1993. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1033-34-Pt. 1).

On August 18, 2005, petitioner was served with a Warrant for Arrest of Alien, a Notice of Custody Determination, and a Notice to Appear, placing him in removal proceedings and charging him with removability for entering the United States without being admitted or paroled, and for reentering the United States after being ordered deported without being admitted or paroled. (*Hopper v. Roach* , Case No. C05-1812-RSL, Dkt. #37 at L530-35-Pt. 1). On September 26, 2005, petitioner appeared before an IJ, claiming that this was a case of mistaken identity and that he was wrongfully removed in 1993. On October 12, 2005, petitioner filed an application for asylum and withholding of removal. (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L583-576-Pt. 1). His case was scheduled for trial on February 22, 2006, on the issues of removability and asylum from Trinidad. *(Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1043-1045-Pt. 1; Dkt. #39 at 3 n.1).

On March 23, 2006, however, petitioner was transferred to the custody of the Tacoma Police Department for extradition to California pursuant to a September 1, 2005, warrant for petitioner's arrest for a parole violation. (*Hopper v. Clark*, Case No. C05-1812-RSL, Dkt. #59). On March 28, 2006, ICE filed a motion in the Immigration Court requesting that petitioner's pending removal proceedings be administratively closed because petitioner was no longer in ICE custody. On March 29, 2006, the IJ issued an Order administratively closing petitioner's removal proceedings. (*Hopper v. Clark*, Case No. C05-1812-RSL, Dkt. #58, Ex. B). On April

1    11, 2006, petitioner returned to the NWDC after California officials decided not to
     extradite him, and his removal proceedings were reopened.

2
           After a removal hearing, the IJ denied petitioner's application for asylum,
3    withholding of removal, and withholding of removal under Article III of the
     Convention Against Torture, and ordered him removed to Trinidad and Tobago on
4    December 1, 2006. (Dkt. #22). On February 1, 2007, the IJ denied petitioner's
     request for a change in custody status. Id. Petitioner timely appealed the IJ's removal
5    order and bond order to the BIA. On April 11, 2007, the BIA dismissed petitioner's
     appeal of the IJ's removal order. Accordingly, petitioner's order of removal became
6    administratively final on April 11, 2007. On April 20, 2007, the BIA dismissed
     petitioner's appeal of the IJ's bond order and vacated the IJ's bond order as moot,
7    noting that neither the IJ nor the BIA had authority to set bond conditions because a
     final order of removal had been entered. Id. On May 3, 2007, petitioner filed a
8    Petition for Review and a motion for stay of removal in the Ninth Circuit Court of
     Appeals. Rudder v. Gonzales, No. 07-71756 (9th Cir. filed May 3, 2007). Under
9    Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay of removal to
     automatically issue. The Petition for Review remains pending before the Ninth
10   Circuit.

11   (Marks v. Clark, 06-CV-0717RSL/MAT, Dkt. # 25 Report and Recommendation)(Emphasis added,

12   foot notes omitted)(Report and Recommendation adopted by the court July 23, 2007, Dkt. # 30).

13   Further, in another Habeas Corpus proceeding the court has held:

14          The sole and exclusive avenue for review of a citizenship claim is by direct
     petition for review to the United States Court of Appeals. *See Baeta v. Sonchik*, 273
15   F.3d 1261, 1263-64 (9th Cir. 2001) (citing INA § 242(b)(5), 8 U.S.C. § 1252(b)(5)).

16   (Marks v. Clark, 07-CV-1679JLR/MAT Dkt. # 5 Report and Recommendation)(Report and

17   Recommendation adopted, December 21, 2007 Dkt. # 9).  As the citizenship claim has been

18   adjudicated and can only now be challenged in the United States Court of Appeals, it cannot be

19   raised in this proceeding and plaintiff is precluded from alleging he is a United States Citizen.

20          2.     This action is a collateral challenge to findings of deportability.

21          The second reason to deny *in forma pauperis* status is that plaintiff's claim of citizenship is a

22   collateral challenge to the facts that underpin his current incarceration and finding of deportability.

23   When a confined person is challenging the very fact or duration of his physical imprisonment, and the

24   relief he seeks will determine that he is or was entitled to immediate release or a speedier release from

25   that imprisonment, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S.

26   475, 500 (1973).  In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has

27   fully exhausted available state remedies **has no cause of action under § 1983 unless and until the**

28   REPORT AND RECOMMENDATION- 4

**conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**"  Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (quoting Edwards v. Balisok, 520 U.S. 641 (1997)). The complaint fails to state a cause of action. As plaintiff has not had the finding that he is not a United States Citizen overturned.

> 3.    The issues raised in this action have been litigated in a prior case.  Jurisdiction to consider any claim regarding overpayment or denial of benefits lies exclusively under 42 U.S.C. 405 (g).  Further, the plaintiff has been informed the defendants are immune from suit pursuant to statute.  This action is frivolous and malicious.

Plaintiff first challenged the overpayment and withholding of Social Security benefits in the United States District Court for Maryland (Dkt # 1, proposed complaint, page 5 ¶ 24).  The exhibits to his complaint show his action was dismissed by the Honorable Alexander Williams Jr, United States District Court Judge.  The action was dismissed because plaintiff had failed to properly exhaust his administrative remedies.  The action was properly filed under the Social Securities Act.  The dismissal was pursuant to 42 U.S.C. §405 (g).  (Dkt # 1, proposed complaint Exhibit H).  Plaintiff did not file a timely motion to have his case reviewed by an Administrative Law Judge within 60 days of the final decision denying his claim. Instead, plaintiff has filed Tort Claims regarding the overpayment and denial of benefits.  He was specifically informed that any action challenging denial of payments or overpayment had to brought pursuant to 42 U.S.C. 405 (g) (Dkt # 1, Exhibit O).

REPORT AND RECOMMENDATION- 5

1      Further, in December of 2006, and January of 2007, the Social Security Administration again

2  reviewed plaintiff's file and informed him of the dates of his payments, overpayments, and the

3  reasoning behind the prior decision that he owed $27, 633.67. The letter informs plaintiff a final

4  decision in his case was rendered by Judge Williams and that plaintiff failed to file a request for a

5  hearing before an Administrative Law Judge within the allowed 60 day time frame. (Dkt # 1,

6  proposed complaint Exhibit  "Q").

7      Finally,  plaintiff filed a second tort claim.  He was informed the defendants he is seeking to

8  sue are statutorily immune.  He was informed his claim was precluded by section 205 (h) of the

9  Social Securities Act and that "'no action against the United States; the Commissioner of Social

10  Security or any other officer or employee thereof shall be brought under section 1331 or 1346 of

11  Title 28, United States Code, to recover on any claim arising under' the Social Security Act" (Dkt #

12  1, proposed compliant Exhibit "R").  Despite having been informed of the defendants immunity

13  plaintiff has filed this action pursuant to the Federal Tort Claims Act and as a "Bivens" action (Dkt #

14  1 proposed complaint).  The courts jurisdiction would have to be pursuant to 28 U.S.C. § 1331 or

15  1346.

16      The obvious defects in this action render the action frivolous and malicious.

17      4.   <u>Sanctions.</u>

18      Plaintiff filed this action after already having lost the case in the United States District Court

19  in Maryland.  Pursuant to 28 U. S. C. 1915 (e)(2)(B)(i), formerly 28 U. S.C. 1915 (d), the court shall

20  dismiss a case notwithstanding payment of the filing fee if the court determines the case is malicious.

21  The standard for dismissal as "malicious" has not been well defined by case law but some guidance

22  exists.  In 1995 the District Court in Delaware considered the malicious standard and stated:

23         A separate standard for maliciousness is not as well established. *Deutsch* [67 F.3d
       1085-87] merely states that a district court "must engage in a subjective inquiry into

24         the litigant's motivations at the time of the filing of the lawsuit to determine whether
       the action is an attempt to vex, injure, or harass the defendants." *Id*. Other Circuits,

25         however, have offered more objective instances of malicious claims. For example, a
       district court may dismiss a complaint as malicious if it threatens violence or contains

26         disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305
       (D.C.Cir.1981); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.1981)

27         (stating that courts may dismiss pleadings with abusive or offensive language pursuant

28  REPORT AND RECOMMENDATION- 6

to the court's inherent powers under FRCP 12(f)). **In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *Id.; Van Meter v. Morgan*, 518 F.2d 366 (8th Cir.), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir.1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973).**

Abdul-Akbar v. Department of Corrections, 910 F. Supp. 986, 999 (D. Del. 1995)(emphasis added).

Other courts have found the term "malicious" means irresponsible or harassing litigation. Daves v. Scranton, 66 F.R.D.5 (E.D. Pa. 1975). The Pennsylvania District Court Stated:

The legal standard of 'frivolous or malicious' is not capable of precise definition for it is a standard intended for administration within the broad discretion of the court and to be applied with reasonable restraint but as a practical response to irresponsible litigation which would otherwise be subsidized and encouraged by the generosity of the *in forma pauperis* statute.

Daves v. Scranton, 66 F.R.D. 5 (E.D. Pa. 1975). This court adopts the Pennsylvania Districts Courts' position. Mr. Marks has filed an action that is clearly frivolous and malicious. Were this Mr. Marks only transgression a warning would be in order. The court, however, consider Mr. Marks history as a litigant in this district and recommends entry of a sanctions order declaring him to be a vexatious litigant and barring him from further in forma pauperis action unless he can show he is in imminent danger of serious bodily injury or death.

This court has inherent power to regulate the extent to which abusive litigants can access the courts. DeLong v Hennessey, 912 F. 2d 1144, 1147 (9th Cir. 1990) Cert denied, 498 U.S. 1001 (1990). Generally the court should attempt to balance the litigants right of meaningful access against the courts need to be free of abusive tactics. James Cello-Whitney v. Robert Hoover, 769 F. Supp 1155, 1158 (W. D. Wash 1991); citing Franklin v. Murphy, 745 F.2d. 1221, 1228 (9th Cir. 1984).

The precursors for orders of this nature were first set forth in DeLong. DeLong v Hennessey, 912 F. 2d 1144, 1147 (9th Cir. 1990) Cert denied, 498 U.S. 1001 (1990). An order of this nature must:

(1)    Give the litigant adequate notice to oppose the order before entry;

REPORT AND RECOMMENDATION- 7

(2)    Present an adequate record for review by listing the case filings which support the order;

(3)    Include substantive findings as to the frivolous or vexatious nature of the litigant's filings; and

(4)    Be narrowly tailored to remedy only the plaintiff's particular abuses.

James Cello-Whitney v. Robert Hoover, 769 F Supp. 1155, 1158 (W.D. Wash. 1991).

This is a Report and Recommendation, not an order.  Accordingly, Mr. Marks has notice of the proposed order and a chance to oppose entry of the order by way of objection.  The record of abuses is recorded not only in this case, but also in the filings of other cases Mr. Marks has filed in this district in recent past.  An over view of his litigation follows.

A.  Case Histories

1.    Hopper v Roach 05-CV-1812RSL. (Habeas)

Petitioner claimed to be a United States citizen and requested release from custody.  The District Court ruled it lacked jurisdiction to hear that claim, and a claim of that nature must be brought in the Ninth Circuit Court of Appeals. On appeal under Ninth Circuit cause number 5-80067 the Ninth Circuit entered a pre filing order regarding Petitioner.  The appeal was denied as lacking merit. Petitioner is a citizen of Trinidad who illegally reentered the United States on January 14, 1994.  (Marks v. Clark, 06-CV-0717RSL/MAT, Dkt. # 25 ).

2.    Marks v Clark 06-CV-0717RSL.  (Habeas)

Case dismissed on the merits.  An appeal was dismissed per a pre filing order in Ninth Circuit cause number 5-80067.

3.    Marks v Clark 06-CV-1679JLR.  (Habeas)

Repetitive challenge claiming to be a United States citizen. Dismissed for lack of

REPORT AND RECOMMENDATION- 8

jurisdiction.  Appeal dismissed for failure to pay filing fee.

      4.   <u>Marks v Clark</u> 06-1796RSM.  (Habeas)

Same as number 3 above except appeal was dismissed per order in Ninth Circuit cause number 5-80067.

      5.   <u>Marks v Gonzales</u> 07-1608MJP.  (Habeas)

Renewed challenge claiming to be a United States Citizen

      6.   <u>Hopper v Meyers</u> 05-5680RBL (Bivens).

Plaintiff raised claims relating to the telephone system, medical treatment (not specified in any detail), the contents of the law library, and access to the law library.  After extensive briefing the claims were dismissed.  Appeal pending.

      7.   <u>Hopper v Morrison</u> 06-5058FDB (Bivens).

Plaintiff sought damages and injunctive relief.  He alleges the diet provided by Canteen Corporation is inadequate both as to amount of food and quality of food.  He also alleges failure to provide a medical diet that meets his needs.  Plaintiff challenges medical treatment on a number of fronts.  He claims a brain injury; need to see specialists;, orthopedic, neurologic and dermatology issues;  and he alleges a RICO conspiracy to force residents to buy food at inflated prices. Case was dismissed on the merits as to skin care and diet.  Appeal denied for failure to pay.  The balance of the claims were dismissed as plaintiff is not able to sue, federal agencies, corporations, officials in their official capacity. This was the first case to raise the skin care and cosmetic issue.

      8.   <u>Hopper v Clark</u> 06-CV-5282RBL (Bivens)

REPORT AND RECOMMENDATION- 9

Plaintiff alleges due process violations for custody changes and failure to pay wages due. He also raises a claim regarding the facilities refusal to release certified copies of Birth Certificates. All claims were addressed on the merits. Defendants were entitled to qualified immunity or the allegations failed to state a claim.

9.   Marks v Albin  06-CV-5675RBL (Bivens)

Plaintiff alleges false infractions and false reports were filed by numerous employees to retaliate against him and to place him in administrative and disciplinary segregation.   Plaintiff also claims he could not help others with legal work because he was in segregation.  Plaintiff alleges the conditions in segregation amount to torture because people next to him flood their cells or bang and yell.  Petitioner also raises a claim based on failure to mail documents, including a mass mailing to congress. This is duplicative or overlaps the issues in Hopper v Wigens 05-CV-5662FDB.

10.   Marks v United States of America 06-CV-5696BHS (Bivens)

Plaintiff. claims, his religion mandates he eat alone. He claims his bible was taken from him, and that the rabbi who is not a named defendant refuses to see him. He claims he asked to see an Imam if a Rabbi was not available, and his request has been denied.  Plaintiff also challenges the manner in which Ramadan is celebrated, but does not claim to be Muslim. Plaintiff claims to be a  "Black Nazarite Jew."  He brings these claims under the Religious Freedom Act (R.F.R.A.).

He also claims the rooms are kept cold to force people to go back to their countries and that staff took $40.20 cents in "Property" from him.  It is not clear if he is speaking about the taking of commissary items or if funds were taken to pay his postage bill (in several other

REPORT AND RECOMMENDATION- 10

cases he mentions the same amount of $40.20 and claims commissary items were taken from him). He again raises the issue of false infractions or reports being written against him. Plaintiff also alleges "mental torture" because the staff refuses to use his new name and refer to him by the name he used when transferred.  Plaintiff does not tie his new name to any religious belief or mandate of his faith.  Case is pending.

11. <u>Hopper v Wigens</u> 05-CV-5662FDB (Bivens)

Plaintiff sought free postage for all mailings he submitted as "legal documents." Plaintiff wished to have any document addressed to counsel, court embassy, other defendant, or any legal representative for government declared legal mail.  Policy allows for five free mailings per week.  In a second amended complaint plaintiff also challenged the practice of "scanning legal mail"prior to copying.  He challenges the denial of free copies of all documents he considers "Legal Documents." Case dismissed on plaintiff's motion.

12.   <u>Marks v Mc Burney</u> 07-CV-5007BHS (Bivens).

Plaintiff alleges his first amendment rights were violated and he was infracted or disciplined for writing a letter to Neil Clark regarding a situation with another detainee.  Mr. Clark is a federal employee and is named as the respondent in several of Mr. Mark's habeas corpus petitions.   Plaintiff claims discrimination based on color and sexual orientation. He complains of being handcuffed and of being placed in disciplinary segregation next to "mentally unfit persons."  He complains about having to shower naked when a security camera is present.  He further alleges he was denied witnesses and evidence at his hearing.  Plaintiff complains that he was also infracted for unauthorized use of equipment when he allegedly "made a form" on the computer.  Plaintiff does not indicate what the form was.

REPORT AND RECOMMENDATION- 11

While plaintiffs' property was being packed for segregation, plaintiff alleges his cell mate gave him commissary items six soups and two punch drinks.  After his stay in segregation plaintiff alleges the commissary items were seized and he was again infracted, this time for unauthorized items.  Plaintiff claims his being sent to segregation on this second infraction is retaliation for his filing <u>Marks v Albin</u>.  Plaintiff alleges Mc Burney has instructed all staff to write reports concerning plaintiff.  He alleges that in two weeks eight reports were written.

Plaintiff complains about library access while in segregation and complains he cannot help others with their work. He alleges this is not targeted at him but at the people who seek his help.  Case is still pending.

13.   <u>Marks v Gephardt</u> 07-CV-5259RJB

Plaintiff attempted to file this action as a class action challenging medical and religious diets at the detention center.  He sought a Halal diet for Muslims, and for a full calory diet during Ramadan.  He also names Sikhs in the complaint as plaintiffs and alleges the Sikh religion requires a vegetarian diet.  The company running the facility terminated the contract with their food provider and began serving food prepared in house in April of 2007.  Plaintiff claims medical diets were no longer honored.  He also again challenges skin care issues as raised in prior cases. He challenges food service personnel having access to medical information regarding the need for medical diets or cosmetics.  The court ordered plaintiffs to file separate actions.  This case proceeds only as to Mr. Marks.  He raises the same allegation in an amended complaint with the exception of the inclusion of Sikhs.

Plaintiff filed a motion for default in this case despite defendants having filed an answer

REPORT AND RECOMMENDATION- 12

more than two weeks prior to his filing his motion. While the court had the motion for default under consideration plaintiff filed motions to strike the answer and enter default and a motion for judgment on the pleadings. Case is pending

14.     <u>Marks v Garman</u> 07-CV-5282FDB.

Plaintiff alleges he submitted tort claims and the claims were denied by "ICE." Plaintiff claims he was denied documents he was entitled to under the privacy act,  and that he lost cases as a result of not having those documents.  He alleges "mental torture."  Plaintiff alleges he sought information under the freedom of information act and sought the file of a person named Joanne Rudder.  Plaintiff alleges he wished her to testify he is not Wayne Rudder.  Plaintiff claims the information would have led to DNA tests on alleged siblings and proof he is not a Rudder.  Plaintiff is seeking to collaterally challenge findings of fact in his deportation proceedings in this action.  He specifically alleges he would have won his deportation case if he had this information.

Plaintiff also claims he has been denied access to his own file and infractions and incident reports in his file he wished to use in other litigation.  He also alleges he has been refused copies of contracts or tariff filings in connection with his telephone cases and issues regarding the telephone system. Thus, plaintiff is challenging discovery rulings made in other cases that are not properly before this court in this case.

He alleges "Mental Torture" because of the "threat of infliction of pain."  Plaintiff also challenges the use of the name Rudder and alleges this has been done to cause him harm. Again, plaintiff is collaterally challenging findings of fact from his deportation  cases and habeas actions.  Plaintiff claims mental injury. Case is still pending.

REPORT AND RECOMMENDATION- 13

<u>Cases 15 to 18</u>.

<u>Marks v USA</u> 07-CV-5371RBL

<u>Marks v Bennett</u> 07-CV-5372RBL

<u>Marks v USA</u> 07-CV-5383RBL

<u>Marks v USA</u> 07-CV-5395RBL

In each of these cases IFP was denied as it appeared Mr. Marks had money in his private property in the form of money orders and checks.  The cases were dismissed without prejudice and do not form the basis for a Report and Recommendation to declare Mr. Marks a vexatious litigant with the exception of  <u>Marks v USA</u> 07-CV-5395RBL.  This action contained a number of claims which had been litigated and lost in prior actions.  Mr. Marks titled his proposed complaint "Everything and the Kitchen sink Bivens complaint."  The complaint is 73 pages long.

Mr. Marks raises issues relating to the reading of mail duplicative of <u>Hopper v Wiggens</u> 05-CV5662FDB.  Mr. Marks again raises his attempted mass mailing of 285 letters to congress. This issue is raised in  <u>Marks v Albin</u> 06-CV-5675RBL and in <u>Marks v USA</u> 06-CV-5696BHS.  He also complains of the reading of "correspondence he sent to a news paper."  Plaintiff again challenges his not being able to get documents needed for the filing of a passport and again challenges mail procedures in general.

Plaintiff again raises the telephone call issue he litigated and lost in <u>Hopper v Meyers</u> 05-CV-5680RBL.  He raises the issue of not having certain evidence including the file of Joanne Rudder which is a pending issue in <u>Marks v Garman</u> 07-CV-5282FDB. This is also a

REPORT AND RECOMMENDATION- 14

collateral challenge to the propriety of the finding he is the same Wayne Rudder who was deported and who illegally reentered the United States on January 14, 1994.

Plaintiff again alleges discrimination in the amount of law library access he is given and claims the discrimination is based on race and other factors such as sexual orientation.   He again also raises the issues of infractions and sanctions and the conduct of infraction hearings as raised in Marks v Mc Burney 07-CV-5007BHS which was still pending at the time this case was filed.

Beginning at paragraph 124 Mr. Marks again raises the issue of the birth certificates and collaterally challenges his deportation hearings and habeas action in a claim of wrongful imprisonment. This is the same issue raised in Hopper v Clark 06-CV-5282RBL.

From page 36 paragraph 127 to page 40 plaintiff argues he is not Wayne Rudder, a Trinidad citizen and that he is in fact Daniel Hopper, a native of Los Angeles. Thus, plaintiff is still challenging his citizenship collaterally.  Beginning on page 40 paragraph 146 plaintiff asks for damages because he is separated from his estranged family and his continued incarceration prevents reconciliation.

Plaintiff alleges he has been denied the right to counsel by telephone practices, and that the defendants have failed to mail his mail, even when proper postage had been placed on the mail. (Page 41, paragraphs 150 to 160).

Plaintiff alleges denial of Notary services to him in paragraphs 167 to 180 and claims this denial of Notary services has resulted in a denial of access to courts.

Plaintiff alleges a failure to train or supervise on the part of defendant Melendez,  and

REPORT AND RECOMMENDATION- 15

he alleges this failure to train or supervise has led to other defendants violating his right to practice his religion.  He again complains of the taking of his Bible, repetitive of the allegation in  Marks v United States of America 06-CV-5696BHS.  Plaintiff also alleges the lack of training resulted in the loss of $40.20 cents in commissary goods. This issue was also pending in  Marks v United States of America,06-CV-5696BHS.

Plaintiff again raises the issue of his being punished for a letter to Neil Clarke, This issue was pending in Marks v Mc Burney 07-CV-5007BHS.  Beginning on page 50 paragraph 195,  plaintiff again raises the issue of his not being allowed to take his meals alone.  This is also an issue in Marks v United States of America 06-CV-5696BHS.  Plaintiff again raises mail issues including the sending of letters to embassies, congress etc.  This issue has been repeatedly litigated. Marks v Albin 06-CV-5675RBL, Hopper v Wigens 05-CV-5662FDB.

Beginning at paragraph 212,  plaintiff complains that money sent to him allegedly as thanks for doing legal work for another detainee was not allowed into the facility.  Plaintiff returns to this issue and again raises it in the same complaint on paragraph 239.

Beginning on page 57 paragraph 222, plaintiff again raises the issue of skin care.  This issue was pending or already litigated in Hopper v Morrison 06-CV-5058FDB,  Marks v Gephardt 07-CV-5259RJB.

Beginning at page 58 paragraph 225, plaintiff accuses defendants of lying to the court and raises a number of items or issues many of which were litigated and lost in other cases. He also raises the issue of his money orders not being sent out as he directed to pay for magazine subscriptions, and his not being allowed to have friends send him shoes.  At page 64 paragraph 249 to 252,  plaintiff complains of a disciplinary hearing and an alleged lack of due

REPORT AND RECOMMENDATION- 16

process.

Plaintiff complains of "torture" and raises allegations that the conditions of confinement in segregation are unsanitary and violate the mandates of his religion.  He alleges he is being housed with mentally ill persons.  This allegation exists in Marks v Albin 06-CV-5675RBL.

On page 67 plaintiff complains that he is observed naked and a camera is in place in the shower area.  Plaintiff also complains of being handcuffed, of searches of his person, of dental care and the process for obtaining dental care, and of the confidentiality of medical records.  This complaint violates rule 8 (a). Further the complaint is duplicative of other litigation that was pending or had been dismissed.  The complaint is frivolous and malicious.

19.   Marks v. Clark 07-CV-5498RJB

This was a habeas corpus challenging placement in segregation.  The action was dismissed for failure to state a claim.

20.   Marks v. Giles 07-CV-5572RJB

Plaintiff again alleges the conditions of confinement in segregation are unconstitutional, and that he is being housed with mentally ill persons. This allegation exists in Marks v Albin 06-CV-5675RBL. He again raises issues regarding food services, and that sack lunches are served to some persons in segregation. This allegation is duplicative and overlapping of the allegations in Hopper v Morrison 06-CV-5058FDB.  He again challenges infractions that resulted in his placement in segregation, including an infraction for swearing at the grievance coordinator.  This is duplicative of other cases.

REPORT AND RECOMMENDATION- 17

21.    <u>Marks v Singh</u> 07-CV-5666RJB.

This case was removed from Pierce County Superior court by the defendants.  The case is duplicative of prior and currently pending litigation and plaintiff challenges the amount of food he is given.  <u>See</u>,  <u>Hopper v Morrison</u> 06-CV-5058FDB, and <u>Marks v Gephardt</u> 07-CV-5259RJB.

He also again challenges not being allowed to mail 285 letters to congress at no cost to himself at one time(five a week are allowed by policy).  This issue is duplicative of issues in <u>Marks v Albin</u> 06-CV-5675RBL.

Plaintiff challenges the opening, scanning, and copying of mail.  This is duplicative of <u>Hopper v Wigens</u> 05-CV-5662FDB, as well as prior and pending litigation.  Thus, not only is plaintiff repeatedly filing the same claims, he is filing the claims in multiple jurisdictions forcing the defendants to appear in a number of forums on the same claims.

22.    <u>Marks v De Guia</u> 07-CV-5667BHS.

This action raises the birth certificate issue that he presented in <u>Hopper v Clark</u> 06-CV-5282RBL. He challenges his being placed in the Pierce County Jail on a detainer out of California.  He also alleges a "breach of contract" for failure to pay him a dollar a day for work.  This issue was litigated and decided against him in <u>Hopper v Clark</u> 06-CV-5282RBL. Plaintiff also complains of the taking of a $40 dollar money order and the use of  it by the corporation running the facility.  This appears to be a new claim.

23.    <u>Marks v Bennett</u> 07-CV-5674RBL.

Plaintiff makes conclusory allegations regarding his being denied access to legal

REPORT AND RECOMMENDATION- 18

documents in storage.  He claims to have lost  several cases because he had no access to the

documents in question. Plaintiff is collaterally challenging prior dismissals and his INS

deportation case in this context.  Plaintiff also raises the $40 Dollar money order in this case

and the case is thus duplicative of Marks v De Guia 07-CV5667BHS. This action is

proceeding as to the only remaining defendant.  All other defendants entered into a stipulated

settlement with Mr. Marks.

     24.   Marks v USA 07-CV-5679FDB.

This action challenges Social Security payments and a decision made over a decade

ago.  The action was first filed as Marks v USA 07-CV-5383RBL.  *In forma pauperis* status

was denied as plaintiff appeared to have funds available to him.  The case was dismissed

without prejudice.  This case appears subject to screening dismissal under 28 U.S.C. § 1915

(e)(2) (B)(i, ii, and iii).

B. Litigation Practices and Improper Filings.

     1.   Hopper v Roach 05-CV-1812RSL.

Mr. Marks abused discovery by filing two motions asking for the same material ten

days apart.  He filed the second motion without waiting for the court's ruling on the first (Dkt

# 42 and 45).  Two motions ask for the same material and were filed ten days apart without

waiting for a ruling.  He also sought release from confinement pending a ruling on the case

(Dkt # 44).  In addition Plaintiff sought injunctive relief in this action and asked the court to

order non-parties to the action to release a birth certificate to him.  Plaintiff had obtained the

birth certificate by mail (Dkt. # 56).

When a motion to appoint counsel was denied, (Dkt # 28), Mr. Marks simply renewed

REPORT AND RECOMMENDATION- 19

his motion (Dkt # 61).  Finally, he attempted to file several petitions under the same cause number (Dkt # 22, 27, 63, 69, 84).

    2.    <u>Marks v. Clark</u> 06-CV-0717RSL.

    The original petition in this case was accepted for filing June 6, 2006 (Dkt # 6).  Mr. Marks filed a second petition eight days later (Dkt # 10).  Two days later an amended petition was filed (Dkt # 11).  In other respects the case was not remarkable.

    3.    <u>Marks v Clark</u> 06-CV-1679JLR.

    Petitioner attempted to litigate the denial of counsel in other cases in this habeas action.

    4.    <u>Marks v Clark</u> 07-CV-1796RSM.

    This case proceeded in a normal fashion.

    5.    <u>Marks v. Gonzales</u> 07-CV-1608MJP.

    At the time *in forma pauperis* was granted a Report and Recommendation to dismiss was entered.

    6.    <u>Hopper v Meyers</u> 05-CV-5680RBL.

    Plaintiff moved for class certification prior to filing a complete application to proceed *in form pauperis*.  Plaintiff then moved for default despite the fact that the court had ordered service only 20 days earlier (Dkt. # 22). In the discovery phase plaintiff attempted to depose fellow detainees who are not parties to this action.

    When some of the defendants moved to dismiss plaintiff attempted to have the motions stayed.  Plaintiff aggressively pursued discovery on a wide range of topics as is evidenced by

REPORT AND RECOMMENDATION- 20

his first motion to compel (Dkt. # 83). Plaintiff also filed a number of motions without noting them which resulted in some motions not being placed on the courts calendar.  Plaintiff sought to have the court rule on issues of fact piece meal. He filed a motion for partial summary judgment that does not address the case on the merits in any fashion.  The motion asks the court to find grievances submitted by plaintiff to the defendants were not always returned to him (Dkt # 62).  In July of 2007, plaintiff began filing documents that are not attached to any motion and are not properly part of the file (Dkt # 90).  When defendants moved for summary judgment plaintiff again sought to stay the courts consideration of the motion (Dkt # 97).

Plaintiff filed a second motion for class certification despite the courts already having ruled on that issue (Dkt # 101).  Plaintiff continued to file pleadings that were not in support of motions (Dkt # 108).  On September 27, 2006, the court issued a warning to plaintiff regarding his filings (Dkt # 114).  The court stated:

> At the onset of this action several detainees filed motions asking for class certification and asking they be added as plaintiffs in this action. (Dkt. # 4, 6, 7, 9).  The court entered a Report and Recommendation to deny class certification.  (Dkt # 18). On April 12th, 2006 the District Court Judge adopted that Report and Recommendation and denied the motion to certify a class. (Dkt. # 54).
>
> Now, plaintiff has filed a 36 page motion signed by six detainees not including Mr. Hopper AKA Marks.  (101).  Plaintiff specifically mentions rule 23 and addresses the prerequisites for filing a class action.  (Dkt. # 101, page 3).  The plaintiff has also filed a multi hundred page declaration in support of the motion.  (Dkt. # 102).  These filings are not the first over length filings from the plaintiff in this action.
>
> This motion is a repetitive motion for class certification. <u>Plaintiff's motion and over length declaration will not be considered on the merits</u>.  The court has already declined to certify a class in this action.  Further, no over length filings will be considered unless the party has sought and obtained leave of court to file an over length pleading.
>
> The filings in this action are becoming abusive.  When class certification was denied at the beginning of this action plaintiff could have moved for

REPORT AND RECOMMENDATION- 21

reconsideration.  Plaintiff did not do so and in fact filed a pleading indicating he concurred with the Report and Recommendation not to certify a class.  (Dkt # 21).  A subsequent motion, this late in the case, is not well taken.  Included in that motion is a request for counsel.  Plaintiff has already moved for appointment of counsel in this action and his motion was denied.  (Dkt # 36, and 43).

Plaintiff has also filed a pleading which he titled a "general declaration" in which plaintiff indicates what he may testify to in the future.  (Dkt. # 108).  This is not a proper filing or pleading and it will not be considered by the court or cited to by any party. The pleading is not evidence and is at best a declaration as to what may happen in the future.

Plaintiff is hereby warned that this court will not tolerate filings which needlessly increase the cost of litigation or are filed for an improper purpose.  Further, the court will not allow over length filings that are violations of the court's local rules.  Future pleadings that are improper may result in sanctions including monetary sanctions, dismissal of actions, and limitation on plaintiff's ability to proceed *in forma pauperis* in this or future actions.   The relief sought in documents 101 and 102 is **DENIED.**

(Dkt. # 114).  Plaintiff moved for reconsideration (Dkt # 119).

In disregard of the court's warning plaintiff filed a number of over length documents in response to a subsequent motion for summary judgment (Dkt # 151, 152, 154, and 155).  Plaintiff also filed a number of pleadings that are not allowed under the Federal Rules of Civil Procedure.  These filings include multiple responses to pending motions (151, 152, 154, 155, 158, and 159).

It was at approximately this point in the proceedings when plaintiff filed a document under seal in other cases that contained threats of harm to persons and security information regarding the facility.  The plaintiff then filed what he termed an "apology" in another case reiterating the same disturbing and potentially dangerous information.  That document remains sealed.  An order sealing all of plaintiffs filings pending review and unsealing is now in place to prevent plaintiff from further misconduct of this nature.

REPORT AND RECOMMENDATION- 22

The court addressed plaintiff's over length filings and issued an order to show cause why sanctions should not be imposed (Dkt # 184). The district court dismissed the action on summary judgment prior to imposition of sanctions (Dkt # 188).

7.    <u>Hopper v Morrison</u> 06-CV-5058FDB.

The action was filed and served. Defendants filed multiple motions to dismiss. Plaintiff then filed a motion asking for additional library time. Access to courts is not an issue in this action. Plaintiff also filed a motion to stay consideration of the motions to dismiss. The motions to dismiss were re-noted and plaintiff was given over two additional months to file a response (Dkt # 29). During the time plaintiff was granted to file a response plaintiff again engaged in aggressive discovery. Defendants moved to stay discovery until the motions to dismiss had been addressed (Dkt # 30). Defendants motion and the attached exhibits outline the abusive nature of plaintiff's discovery requests. In a suit involving food and food services plaintiff sought stock holder information and information that was irrelevant, oppressive, and abusive. Plaintiff again filed a declaration not attached to any specific motion (Dkt # 34).

Rather than simply responding to the motions to dismiss, plaintiff filed a motion to strike defendant's motions to dismiss (Dkt # 35). The plaintiff referred to information in defendant's motions as "scandalous, impertinent, and oppressive" (Dkt # 35). Review of his pleading shows the sole basis for plaintiff's motion was the fact that he and other detainees were referred to as "prisoners." The court granted this motion to the extent it ordered defendants not to refer to plaintiff as a "prisoner". Plaintiff also filed a motion to compel discovery despite the fact that motion to stay discovery was pending (Dkt # 38), and a motion to amend the complaint rather than responding to the pending motions to dismiss (Dkt. # 45).

REPORT AND RECOMMENDATION- 23

In July of 2006, Plaintiff again began filing documents not associated with any particular motion (Dkt # 49 and 51). The case was dismissed at the motion to dismiss stage.

8.      Hopper v Clark 06-CV-5282RBL.

The action was commenced and some of the defendants moved to dismiss.  Plaintiff filed a response and an "errata" (Dkt # 18 and 19).  The motion to dismiss was re-noted and plaintiff then filed a second response to the motion ( Dkt # 23). The motion to dismiss was granted and plaintiff then moved to compel discovery and for sanctions regarding the remaining defendants. (Dkt # 29). Plaintiff's motion was granted in part and denied in part.

The remaining defendants filed a motion to dismiss (Dkt # 30).  Plaintiff filed a response (Dkt # 45).  Defendant's filed a reply (Dkt # 48).  Plaintiff then filed a rebuttal pleading that is not allowed in the rules of this court (Dkt. # 52).  The court granted remaining defendants motion to dismiss.

9.      Marks v Albin 06-CV-5675RBL.

The original complaint in this action violated Fed. R. Civ. P. 8,  and plaintiff was ordered to file an amended amend (Dkt. # 8).  The amended complaint suffered from the same defects as the original. A second order to amend was entered (Dkt. # 10).  Plaintiff moved to be allowed limited discovery prior to filing an amended complaint and moved for an extension of time to file an amended complaint.  Both motions were denied.

A Report and Recommendation to dismiss was entered.  Two days later plaintiff filed a third amended complaint.  The District Court Judge allowed the untimely complaint and re-referred the case.  Plaintiff began filing documents jeopardizing the safety of Northwest Detention Facility employees in other cases.  He later filed an apology ironically renewing

REPORT AND RECOMMENDATION- 24

some of the same threats (Dkt # 23).  His actions resulted in sanctions. That document

remains under seal and all of plaintiff's filings are now filed under seal and reviewed prior to

unsealing

Defendants did not file a timely answer and plaintiff moved for default.  Prior to the

motion being heard, defendants filed an answer and  cured the default.  A Report and

Recommendation to deny default was entered (Dkt. # 30).

Plaintiff then moved to strike the answer and enter default (Dkt # 33).  He also filed

objections to the Report and Recommendation (Dkt # 34), and a motion for judgment on the

pleadings regarding defendants counter claim (Dkt. # 35).  This case later settled as part of a

stipulated settlement.

10.   <u>Marks v USA</u> 06-CV-5696BHS.

The court ordered this case served in May of 2006.  In July the federal defendants filed

a motion to dismiss (Dkt. # 24).  Defendants also moved to stay discovery in this action (Dkt

# 29).  Discovery was stayed, and defendants motion was granted (Dkt # 36 and 43).  Plaintiff

then filed a motion for default as to the remaining defendants and defendants then filed an

answer curing the default (Dkt # 44 and 45).

Plaintiff then filed an untimely motion asking for a rehearing on the order to dismiss

federal defendants (Dkt. # 49).   The court denied his motion (Dkt # 51).  The court

sanctioned plaintiff for filing an over length pleading (Dkt # 50).  That sanction was

overturned on appeal to the district court judge (Dkt # 62).  Plaintiff then moved to strike

defendants answer and again moved for default (Dkt # 53).

Plaintiff then filed a "renewed motion" for rehearing on the issue of the federal

REPORT AND RECOMMENDATION- 25

defendants being dismissed from this action (Dkt # 58).  Several motions are currently

pending.

11.     Hopper v Wigens 05-CV-5662FDB.

Plaintiff began filing motions for preliminary injunction and multiple amended

complaints prior to a grant of *in forma pauperis* in this action (Dkt # 3, 4, and 10).  He also

filed multiple amended complaints without leave of court (Dkt # 14 and 15).

Plaintiff then moved to dismiss the action claiming the defendants conduct had

improved (Dkt. # 21).  When a Report and Recommendation was entered to dismiss,

however, plaintiff opposed the motion claiming a "slight" change in circumstances (Dkt # 30

and 31).  The case was dismissed and plaintiff moved to re-open the case.  His motion was

denied.

12.     Marks v McBurney 07-CV-5007BHS.

This action has been the subject of substantial delay due to service issues unrelated to

plaintiff's conduct.  Plaintiff filed a document not connected to any motion on October 17,

2007 (Dkt # 20).  Defendants did not file a timely answer and plaintiff moved for default in

November of 2007.  Defendants then answered and cured the default (Dkt # 21 and 22).  A

Report and Recommendation to deny default was entered (Dkt # 24).

Without waiting for a ruling on the Report and Recommendation plaintiff moved to

strike the answer and enter default, (Dkt # 27), and for judgment on the pleadings with regard

to defendants counterclaim (Dkt # 29).  The parties later entered into a stipulated settlement

with regard to this and several other cases.

13.   <u>Marks v Gephardt</u> 07-CV-5259RJB.

Plaintiff filed a frivolous motion for default (Dkt. # 23).  The motion is frivolous as defendants answered the complaint two weeks prior to the motion being made.  Plaintiff motion includes defendants who had answered.  Plaintiff moves to strike the answers and have the court enter default (Dkt. # 29).  Plaintiff again seeks wide ranging and burdensome discovery including production and free copies of e-mails, educational background of the defendants, policies, and complete files regarding him (Dkt. # 30).  In a relatively short time span the parties have filed a large number of motions.

14. <u>Marks v Garman</u> 07-CV-5282FDB.

This case is relatively new and the only improper filing is plaintiff filing notices unrelated to the case (Dkt # 12).

<u>15 to 18</u>.

<u>Marks v USA</u> 07-CV-5371RBL

<u>Marks v Bennett</u> 07-CV-5372RBL

<u>Marks v USA</u> 07-CV-5383RBL

<u>Marks v USA</u> 07-CV-5395RBL

IFP was denied in these cases.

19.   <u>Marks v Clark</u> 07-CV-5498RJB.

This case was opened and a Report and Recommendation to dismiss was entered.  That Report and Recommendation was adopted.

20.   <u>Marks v Giles</u> 07-CV-5572RJB.

REPORT AND RECOMMENDATION- 27

This case is just over four months old and no remaining defendant has accepted service.

21.     Marks v Singh 07-CV-5666RJB.

There has been no activity in this case since Mr. Marks settled a number of cases by stipulated order.  There are three remaining defendants.

22.     Marks v De Guia 07-CV-5667BHS.

In response to a motion to dismiss this action as repetitive Mr. Marks states :

> The defendants hit the nail on the head when they state that the plaintiff is filing against **nearly identical defendants raising nearly identical causes of action and claims.**  The key there is that **nearly identical** is not identical. (Marks v De Guia, 07-CV-5667BHS Dkt. # 12, page 4).

Plaintiff goes on to indicate he believes he has a right to file an action against the corporation running the facility where he is housed in other courts in "Pierce County, Miami County, Clark County, Nevada, Boston, Massachuset, New York New York, Washington D.C., Godlsboro, North Carolina, and anywhere Geo does business."  Plaintiff indicates the only restraint on him is his belief that his rights have been violated and that he has not gained a fair hearing (Marks v De Guia, 07-5667BHS Dkt. # 12, page 5).  The court views plaintiff's argument as a clear indication plaintiff will not accept any ruling on the merits where he does not prevail.

23.     Marks v Bennett 07-CV-5674RBL.

This is a new action and the court is waiting for service copies of an amended complaint.

24.     Marks v USA 07-CV-5679FDB.

This is the repetitive social security case currently before this court.

REPORT AND RECOMMENDATION- 28

## RECOMMENDATION

The court recommends plaintiff's application to proceed *in forma pauperis* be denied as this action is frivolous and malicious, fails to state a claim upon which relief can be granted, and seeks monetary relief against defendants who are immune because the action contains a complete defense on its face.  This action is subject to dismissal under 28 U.S.C. 1915 (e)(2)(B)(i, ii, and iii).  It cannot be cured by amendment

Given this case history and the specific abuses noted above which include the filing of duplicative vexatious actions, discovery abuses, and the filing of improper documents which endanger the security of the Northwest Detention Center, the court recommends that Mr. Marks be declared a vexatious litigant and that he be denied *in forma pauperis* status. Exercise of the court's discretion, applied with reasonable restraint as a practical approach to irresponsible litigation, now requires that Mr. Marks be prohibited from filing any further actions *in forma pauperis* unless he certifies under penalty of perjury that he is in imminent danger of death or serious bodily injury.

The court has tried lesser sanctions and has attempted to leave the privilege of filing *in forma pauperis* open for this litigant.  Mr. Mark's abuse of the legal system has continued unabated.

The court anticipates Mr. Marks will begin to file his actions in state courts.  Any action filed in state court and removed to federal court should be subject to this order.  Unless the plaintiff certified under penalty of perjury that he was in imminent danger of death or serious bodily injury,  plaintiff should not be permitted to proceed without payment of the filing fee.

REPORT AND RECOMMENDATION- 29

In spite of the court's efforts, sanctions heretofore imposed have been ineffective. The filing of the same causes of actions in Federal Court and Superior Court is additional and strong evidence of the impropriety of plaintiff's motives.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 21, 2008.** as noted in the caption.

DATED this 22nd day of February 2008.


/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 30